# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | | |
|---|---|---|
| Allstate Fire and Casualty Co., | ) | |
| Plaintiff, | ) ) | 3:18-cv-17 JWS |
| vs. | ) ) | **ORDER AND OPINION** |
| Scott Purkey, *et al.*, | ) ) | [Re: Motions at Docs. 23 and 32] |
| Defendants. | ) ) | |
| Scott Purkey, *et al.*, | ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Brian Schindel, *et al.*, | ) ) | |
| Third-Party Defendants, | ) ) | |
| Scott Purkey, *et al.*, | ) ) | |
| Counterclaimants, | ) ) | |
| vs. | ) ) | |
| Allstate Fire and Casualty Co, | ) ) | |
| Counterdefendant. | ) ) | |

## I. MOTIONS PRESENTED

At docket 23, plaintiff Allstate Fire and Casualty Co. ("Allstate") moves for an order compelling the adjudication of competing claims to the proceeds of an insurance policy it issued to Brian and Jodi Schindele. The motion has been fully briefed. As will become clear from the discussion relating to the motion at docket 32, this court is without jurisdiction to entertain the motion at docket 23.

At docket 32, Third-Party Defendants Dylan Schindele, Brian Schindele, and Jodie Schindele (collectively "the Schindeles") moved to dismiss the Third-Party Complaint filed by Scott Purkey and Mary-Jean Jones Purkey (collectively "the Purkeys"). The motion is supported by a memorandum at docket 33. Allstate filed a non-opposition at docket 35. The Purkeys filed an opposition at docket 53. Defendant United States of America ("the United States") filed its amended opposition at docket 54. The Schindeles filed a reply to the United States' opposition at docket 57. The Schindeles filed a reply to the Purkeys' opposition at docket 58. Oral argument was not requested and would not be of aid to the court.

## II. BACKGROUND

This lawsuit arises out of an automobile accident. On July 23, 2017, Dylan Schindele, who is the son of Brian Schindele and Jodie Schindele, was driving one of his parents' automobiles North on the Parks Highway. The Purkeys were traveling South on the Parks Highway on a motorcycle. There was a collision which injured the Purkeys and damaged the motorcycle.

Dylan was an authorized driver on his parents Allstate insurance policy. The policy limits were $50,000 for each person injured and $50,000 for property damage. Within six months there had been communications between Allstate and the Purkey's lawyer, Yale Metzger, concerning a possible resolution of the Purkey's' claims against the Schindeles. From the materials provided to the court, it appears that the parties were discussing a complete release of all the Purkeys' claims in exchange for payment of Allstate's policy limits plus statutory add-ons. The parties' settlement efforts were complicated by the assertion of a property damage subrogation claim by Geico Insurance Co. and the discovery that the United States might also assert a claim for medical care provided by the Veterans' Administration.

Against that background, Allstate filed the lawsuit at bar. According to the Amended Complaint's First Cause of Action:

> Allstate and the Schindeles are entitled to the following relief:
>
> a. Specific performance of the contract whereby Scott Purkey releases and fully discharges Dylan, Brian, and Jodi Schindele from all claims arising from the July 23, 2017 motor vehicle accident in exchange for payment of the per person bodily injury limit plus the per occurrence property damage limit under policy no 020 391 981; and
>
> b. That, as the attorney for Scott Purkey, Yale Metzger receive, in trust, the two settlement checks equaling $113,946.58 currently in the possession of Michael Hanson in exchange for Scott Purkey's updated signed and dated Release of All Claims relative to Dylan, Brian and Jodi Schindele.
>
> c. That Scott Purkey be ordered to specifically perform Scott Purkey's obligations set out in the Release of All Claims, including without limitation, the obligation that "the undersigned [Scott Purkey] shall distribute these

funds in accord with such claims [of the United States], liens or rights to payment."[1]

The Second Cause of Action asks to inter-plead the funds by depositing them in the court's registry. Thereafter, the funds would be distributed upon the entry of an order "fully protecting the Schindeles from the claims of all claimants and distributing the Stake to the appropriate claimants [and discharging Allstate] from any and all liability under the [insurance policy]."[2]

The Third Cause of Action asks for a declaratory judgment that the Schindeles are "fully and finally released ad discharged from all claims of all claimants arising from the July 23, 2017, accident."[3]

Of course, a complaint filed in federal court must set out "a short and plain statement of the grounds for the court's jurisdiction."[4] Allstate's statement of jurisdiction reads in its entirety as follows:

> This court has subject matter jurisdiction over this case in the context of a Fed. R. Civ. P. 22 Interpleader and Declaratory Judgment Relief, pursuant to 28 U.S.C. § 1331, as the United States of America can assert its right to be paid from the proceeds of Allstate's insurance policy in a coercive action, pursuant to the Federal Medical Care Recovery Act, 42 U.S.C. § 2651, *et seq.*, 10 U.S.C. § 1095 and 38 U.S.C. § 1729."[5]

---

[1] Docket 4, at p. 7.

[2] *Id.* at p. 9.

[3] *Id.*

[4] Fed. R. Civ. P. 8(a)(1).

[5] Docket 4 at p. 2.

-4-

It will be noted that the complaint avers only federal question jurisdiction. It does not aver diversity jurisdiction. Perhaps Allstate's counsel concluded that the Schindeles were also real parties in interest whose citizenship would destroy complete diversity. Be that as it may, the only jurisdiction Allstate has pled is federal question jurisdiction.

The Purkeys filed a lawsuit in state court against Dylan Schindele on July 18, 2016, six months before the case at bar was filed.[6] The United States moved to intervene in that lawsuit to pursue claims based on the Federal Medical Care Recovery Act ("FMCRA"). Its motion to intervene was granted by the state court.

### III. DISCUSSION

The Schindeles' motion to dismiss the third-party claim is based on the proposition that the court lacks subject matter jurisdiction over that claim. The Purkey's contend that the court can exercise supplemental jurisdiction over their third-party claim pursuant to 28 U.S.C. § 1367. Of course, supplemental jurisdiction may only be exercised if the court has jurisdiction over another of the claims being litigated. The Purkeys do not address the proposition that the court may lack jurisdiction over Allstate's claims.

The United States does address the court's jurisdiction over Allstate's claims: "The basis for 28 U.S.C. § 1331 jurisdiction is the United States' claims to the funds under the FMCRA - claims that exist by operation of law, that predate the filing of this action, that Allstate lists in it complaint, that [the Purkeys] list in their Third-Party Complaint, and that the parties list and describe throughout the pleadings in this matter."[7] The United States

---

[6] Case No. 3AN-18-04344 CI.

[7] Docket 54 at pp. 5-6

goes on to say, "The allegations necessary to establish jurisdiction over the United States' claims against the Schindeles, Allstate, GEICO [and the Purkeys] are present in the record and a formal amendment would only delay the case. *See, Commercial Union Ins. Co. v. U.S.,* 999 F.2d 581 (D.C. Cir. 1993). Therefore, the complaint should be deemed amended to include all the United States claims and the Court should perform a ratable distribution for tort-based settlement proceeds under 42 U.S.C. § 2651 . . . ."[8]

The Schindeles rely on *Becote v. South Carolina State Highway Dept.*[9] for the proposition that the FMCRA "does not include a grant of jurisdiction based on a federal question."[10] The plaintiff in *Becote* brought a tort action against the defendant asserting that there was diversity jurisdiction and that there was also federal question jurisdiction pursuant to FMCRA because he was authorized to sue on behalf of the United States to collect on a claim for medical services provided by the United States. The plaintiff eventually conceded there was no diversity jurisdiction. The district court dismissed the case for lack of subject matter jurisdiction saying: "Although [FMCRA] authorizes the United States to enforce 'such right' in a federal forum, it does not create federal jurisdiction to entertain privately instituted tort actions merely because the United State has or may have a pecuniary interest therein."[11]

---

[8]*Id.* at p. 7.

[9]308 F. Supp. 1266 (D.S.C. 1970).

[10]Docket 57 at p. 2.

[11]308 F. Supp. at 1268.

Whatever the significance of *Becote*, the fact that the United States elected to pursue its FMCRA rights in state court dooms the argument that because Allstate named the United States as a defendant in this case, federal question jurisdiction exists. No case has been cited to support the proposition that the United States may pursue its FMCRA rights in two courts. This is not surprising considering the provisions of that law.

FMCRA creates a right of subrogation allowing the United States to pursue a third-party or that party's insurer to recover the value of medical care provided to a person injured by the third party.[12] It goes on to provide the method by which the United States may do so. The United States may intervene or join in any action against the third party, *or* if no tort action has been commenced within six months from the date the United States first provided care, the United States may commence legal proceedings against the third party in either State of Federal court.[13] The statue does not provide that the United States may both intervene in one lawsuit and thereafter commence its own lawsuit. Here, the United States elected to intervene in the state court action. The United States' argument that the pleadings in this case should be deemed amended so that it may pursue its FMCRA claims in this court is inconsistent with the election the United States made. It follows that there is no federal question jurisdiction in this case.[14]

---

[12] 42 U.S.C. § 2651 (a).

[13] 42 U.S.C. § 2651 (d).

[14] Allstate's allegation of subject matter jurisdiction references 10 U.S.C. § 1095. That statute is inapplicable here. It addresses circumstances in which the injured person who was provided care by the United States was also entitled to insurance proceeds, medical services, or a heath plan provided by another benefit provider. Allstate's jurisdictional statement also references 38 U.S.C. § 1729. Even if applicable to claims against a tortfeasor or the tortfeasor's insurer, like FMRCA the statute affords the United States the right to intervene in a lawsuit or commence its

## IV. CONCLUSION AND PROVISION FOR AMENDMENT

For the reasons above, this court lacks subject matter jurisdiction over this case. Accordingly, the motion at docket 32 is GRANTED. Furthermore, in the absence of subject matter jurisdiction, the court cannot entertain Allstate's motion at docket 23, which is therefore DENIED.

While it is not clear that Allstate can amend its complaint to aver a proper ground of subject matter jurisdiction, Allstate is afforded an opportunity to file a Second Amended Complaint. Allstate must file its Second Amended Complaint within 14 days. If it does not do so, this case will be dismissed.

DATED this 30th day of August 2018.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

own lawsuit, but not both simultaneously.